### STEFFENS & WERNER v. WANBOEKER.

Where two attachments are levied upon personal property of the same debtor at different hours of the same day, the one first levied has no priority of lien, but the two take rank together.

---

Before WITHERSPOON, J., Darlington, March, 1882.

This was a rule on the sheriff in the case of Steffens & Werner against Isaac Wanboeker.   The opinion states the case.

Mr. *R. K. Charles*, for appellant.

Messrs. *Dargan & Dargan,* contra.

August 8, 1882. The opinion of the court was delivered by
MR. JUSTICE MCGOWAN.—This was a rule on the Sheriff to
show cause why the proceeds of certain attached personal prop-
erty should not be applied towards the satisfaction of plaintiffs'
execution. The Sheriff made return, that on the morning of
March 31, 1881, the plaintiffs lodged in his office a *warrant of
attachment* against Isaac Wanboeker, and he sent a deputy to
execute it. A few hours afterwards, on the same day, Cohen
& Loeb lodged another warrant of attachment, and he went in
person to execute it. When he reached the store of the de-
fendant he found that his deputy had executed the first war-
rant, and he levied the same warrant upon the same property—
personal property, it being a stock of goods. The warrant of
plaintiffs bore date March 30, and was levied at 9.30 A.M.; that
of Cohen & Loeb bore date March 31, and was levied at 11
A.M. of the same day. Judgments were obtained in both cases
on the same day, and the proceeds of the property are not suf-
ficient to satisfy both. The circuit judge ordered that the
proceeds of sale be applied *pro rata* to the judgments, and
Steffens & Werner, the plaintiffs in the attachment first levied,
appeal to this court, upon the ground that the whole proceeds
should be applied to their case.

The general rule certainly is, that in regard to the entry of
process, the law does not regard fractions of days. *Ex parte
Stagg,* 1 *N. & McC.* 405. This, however, is always subject
to be controlled by positive enactment. To this general rule
there was, prior to 1870, an exception as to attachments, to
which, coming from the custom of London, the practice of the
custom was applied, which was that the first executed had the
first lien ; and in determining priority not only fractions of
days and hours were considered, but even minutes.

But, as we understand it, the law in that particular was
changed by the code of procedure. Section 255 provides
"that the Sheriff or Constable to whom such warrant is
directed shall immediately attach all the real estate of such
debtor and all his personal estate, etc., which he shall safely

keep to be disposed of as hereinafter directed;" and after directing the manner of attaching real estate, proceeds as follows: "Saida ttachment shall *be a lien,* subject to all prior liens, and bind the real estate attached from the date of lodgment: *Provided that all attachments lodged upon the same day shall take rank together."* As the latter part of the section treats of attachments especially on real estate, and the words as to the lien are "and bind the real estate attached," it might seem that the proviso was limited to real estate, but the words are general—" *Provided that all attachments lodged upon the same day shall take rank together."*

Such was manifestly the view of the court in *Bachman* v. *Sulzbacher,* 5 *S. C.* 62. That was a question of priority of executions on personal property under sec. 316 of the code, which declared that executions should bind personal property only "*by actual attachment or levy thereon,"* and the court held that "where the executions are levied by the Sheriff on personal property on the same day but at different hours, the first levied is not entitled to preference, but the liens of both attach as if levied at the same instant of time." In delivering the judgment of the court, Chief Justice Moses said: "If the term [attachment] is to be there understood as referring to the process provided against absent debtors who have property subject to the jurisdiction of the court, its lien now 'ranks' not from the hour, but 'from *the day'* when it is lodged with the Sheriff." *Code,* § 255.

The judgment of this court is that the judgment of the Circuit Court be affirmed.